IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| ANDRE COATES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CV 316-017 |
| SOUTHERN CORRECTIONAL MEDICAL; FNU FERGUSON, Nurse; FEMALE NURSE, Worked on 3/13/16; FNU CRUZE, Officer; FNU SOLE, Doctor; FNU WORRABLE, Doctor; CAPTAIN OF DCSO; K. WHITEHEAD, | ) | |
| Defendants.[1] | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"). If a party fails to satisfy these criteria, "the Clerk shall mark the complaint as to the date filed and promptly give notice of the omission to the filing party. Failure to comply within twenty-one calendar days of the date that notice is served by the Clerk may result in dismissal by the Court." Loc. R. 4.1(1).

On March 21, 2016, Plaintiff, an inmate incarcerated at Dodge County Jail, submitted a complaint to the Clerk of Court without submitting the appropriate filing fee or a

---

[1] The Court **DIRECTS** the Clerk to update the docket so that Captain of DCSO is reflected as a separate defendant. (See doc. no. 1, pp. 1, 4.)

request to proceed IFP. The Clerk opened the above-captioned case on the Court's civil docket and sent Plaintiff a deficiency notice concerning the need for an IFP motion or payment of the filing fee. (See doc. no. 2.) Plaintiff was cautioned that failure to cure the filing deficiency within twenty-one days could result in dismissal of his case. (See id.) However, Plaintiff has not responded to the Clerk's notice.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Plaintiff failed to comply with the requirements for commencing a civil action by submitting an appropriate filing fee or motion to proceed IFP and when given the opportunity to submit the appropriate paperwork, he failed to respond. Plaintiff's failure to comply with the filing requirements of the Local Rules and his failure to respond to the Clerk's deficiency notice amounts not only to a failure to prosecute, but also an abandonment of his case. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

**DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 2nd day of May, 2016, at Augusta, Georgia.

```
_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA
```